IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                        |   |                      |
|------------------------|---|----------------------|
| RONALD WOODS, JR.,     | Ӿ |                      |
|                        | Ӿ |                      |
|      Petitioner,       | Ӿ |                      |
|                        | Ӿ |                      |
| vs.                    | Ӿ | No. 10-2498-STA-cgc  |
|                        | Ӿ |                      |
| ANDREW TABER,          | Ӿ |                      |
|                        | Ӿ |                      |
|      Respondent.       | Ӿ |                      |
|                        | Ӿ |                      |

---

ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT
ORDER GRANTING PETITIONER'S MOTION
FOR LEAVE TO SUPPLEMENT THE COURT RECORD
ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On July 1, 2010, Petitioner Ronald Woods, Jr., RNI number 265877, who was, at the time, an inmate at the Shelby County Correctional Center in Memphis, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by a legal memorandum. (ECF No. 1.)[1] Petitioner paid the habeas filing fee. (ECF No. 2.) The Court issued an order on August 18, 2010, directing Respondent to file the state-court record and a response to the petition. (ECF No. 3.) On September 9,

---

[1]   On February 28, 2012, Petitioner notified the Clerk that he had been released. (ECF No. 27.)

2010, Respondent filed a Motion to Dismiss the Petition for want of subject-matter jurisdiction and failure to state a claim. (ECF No. 6.) Petitioner filed his Response to Motion to Dismiss on October 5, 2010. (ECF No. 10.)

On September 10, 2010, Petitioner filed a Motion to Amend Brief in Support of 2254 Petition for Habeas Corpus. (ECF No. 7.) On November 3, 2010, Petitioner filed a Motion to Amend Pleading. (ECF No. 11.) On February 1, 2011, Petitioner filed a Motion for Judgment by Default. (ECF No. 13.) The Court issued an order on April 13, 2011 that, inter alia, granted the motions for leave to amend, denied the motion for a default judgment, denied the motion to dismiss, and directed Respondent to file the state-court record and a response to the Petition. (ECF No. 15.)

On May 27, 2011, Respondent filed an Answer and Renewed Motion to Dismiss. (ECF No. 19.)[2] On June 24, 2011, Petitioner filed his Reply Brief and Response to Motion to Dismiss. (ECF No. 21.)

On August 15, 2011, Petitioner filed a Motion for Leave to Supplement the Court Record with New Evidence in Support of Petition. (ECF No. 22.) The Court CONSTRUES that motion as seeking

---

[2]      On May 11, 2011, the Court extended Respondent's time to respond to June 6, 2011. (ECF No. 17.) On May 23, 2011, Petitioner filed his Response to Motion for Extension of Time and Petitioners Motion for Summary Judgment. (ECF No. 18.) In that motion, Petitioner asserts that he is entitled to summary judgment because Respondent has unreasonably delayed in responding to the vindictive prosecution claim. The Court granted Respondent until June 6, 2011 to file his response, and he has responded within the time allowed. Petitioner's motion for summary judgment is DENIED.

2

leave to expand the record under Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Respondent has not responded to the motion. In the absence of an objection, the motion to expand the record is GRANTED. The Court will consider the additional materials submitted by Petitioner.

I.      STATE COURT PROCEDURAL HISTORY

On August 16, 2007, a grand jury sitting in Shelby County, Tennessee returned a seven-count indictment against Woods arising from his actions on May 10, 2006.[3] The first and second counts charged Woods with the attempted second degree murder of Russell Chaudoin and Thomas Manns, respectively, in violation of Tennessee Code Annotated § 39-12-101. The third count charged Woods with fleeing from a law enforcement officer, in violation of Tennessee Code Annotated § 39-16-603. The fourth count charged Woods with operating a motor vehicle after having been found to be a habitual offender, and while a court order prohibited him from doing so, in violation of Tennessee Code Annotated § 55-10-616. The fifth count charged Woods with driving while under the influence of an intoxicant, in violation of Tennessee Code Annotated § 55-10-401. The sixth count charged Woods with driving with a blood alcohol concentration of over .08%, in violation of Tennessee Code

---

[3]     (Indictment, State v. Woods, No. 07-05925 (Shelby Cnty. Crim. Ct.), ECF No. 19-1 at 1-9.)

Annotated § 55-10-401.[4] The seventh count charged Woods with reckless driving, in violation of Tennessee Code Annotated § 55-10-205.

On November 12, 2009, Woods entered guilty pleas in the Criminal Court for the Thirtieth Judicial District at Memphis, Tennessee (the "Shelby County Criminal Court") to two counts of aggravated assault, felony driving under the influence, felony evasion, reckless driving, and being a habitual motor vehicle offender.[5] He was sentenced to a term of imprisonment of six years at 30%.[6] At the time this action was commenced, Petitioner's direct appeal was pending in the Tennessee Court of Criminal Appeals. On October 20, 2010, the Tennessee Court of Criminal Appeals affirmed the judgment of the trial court. State v. Woods, No. W2009-02580-CCA-F3-CD, 2010 WL 4117165 (Tenn. Crim. App. Oct. 20, 2010).

According to the Tennessee Court of Criminal Appeals,

> [t]he record presented on appeal is somewhat limited. It includes a copy of the May 11, 2006 arrest warrant and the accompanying affidavit of complaint. The affidavit states that an officer observed Woods traveling at "an extremely high rate of speed." A lengthy police chase ensued during which two officers were injured. The police obtained a blood sample from Woods, which showed that he was under the influence of alcohol. The arrest warrant

---

[4]    The grand jury also found that, by reason of his four prior convictions for driving under the influence, Woods was subject to enhanced punishment as a felony for the instant offenses. (Id., ECF No. 19-1 at 7.)

[5]    (Order on Guilty Plea, id., ECF No. 19-1 at 11; Notice of Enhanced DUI Punishment, id., ECF No. 19-1 at 12.)

[6]    (Judgments, id., ECF No. 19-2 at 13-18.)

4

accused Woods of committing thirteen offenses, including two counts of aggravated assault.

Id. at *1.[7]

II.      PETITIONER'S FEDERAL HABEAS CLAIMS

The instant petition challenges only the judgments for aggravated assault. Petitioner contends that the aggravated assault convictions resulted from vindictive conduct by the State. (ECF No. 1 at 5.)[8]

III.     LEGAL STANDARDS

The statutory authority for federal courts to grant habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A.    Exhaustion and Procedural Default

Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim

---

[7]      See ECF No. 7 at 6-7 (arrest report).

[8]      The original Petition complained that the Tennessee Court of Criminal Appeals unreasonably delayed in issuing an order (id. at 6-7), and the only relief sought was an order directing the state court to render a decision forthwith (id. at 8, 14). As Woods has recognized, those claims are moot because the Tennessee Court of Criminal Appeals has ruled. (See ECF No. 11 at 1.)

sought to be redressed in a federal habeas court to the state courts. Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 79 L. Ed. 2d 557 (2011). The petitioner must "fairly present"[9] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 837, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to "be deemed to have exhausted all available state remedies." Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003); see Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010) (the Adams holding promotes comity by requiring that state courts have the first opportunity to review and evaluate claims and by mandating that federal courts respect the duly promulgated rule of the Tennessee Supreme Court that recognizes that court's law and policy-making function and its desire not to be entangled in the business of simple error correction).

---

[9]     For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982) (per curiam). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996).

The procedural default doctrine is ancillary to the exhaustion requirement. See Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S. Ct. 1587, 1592, 146 L. Ed. 2d 518 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88, 97 S. Ct. 2497, 2506-07, 52 L. Ed. 2d 594 (1977); see Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 640 (1991) (a federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). If a claim has never been presented to the state courts, but a state court remedy is no longer available (e.g., when an applicable statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred. Coleman, 501 U.S. at 732, 111 S. Ct. at 2555; see Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004) (the procedural default doctrine prevents circumvention of the exhaustion doctrine).

Under either scenario, a petitioner must show "cause" to excuse his failure to present the claim fairly and "actual prejudice" stemming from the constitutional violation or,

alternatively, that a failure to review the claim will result in a fundamental miscarriage of justice. <u>Schlup v. Delo</u>, 513 U.S. 298, 322, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995); <u>Coleman</u>, 501 U.S. at 750, 111 S. Ct. at 2565. The latter showing requires a petitioner to establish that a constitutional error has probably resulted in the conviction of a person who is actually innocent of the crime. <u>Schlup</u>, 513 U.S. at 321, 115 S. Ct. at 864; <u>see House v. Bell</u>, 547 U.S. 518, 536-39, 126 S. Ct. 2064, 2076-78, 165 L. Ed. 2d 1 (2006) (restating the ways to overcome procedural default and further explaining the actual innocence exception).

    B.   <u>Merits Review</u>

        Section 2254(d) establishes the standard for addressing claims that have been adjudicated in state courts on the merits:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The petitioner carries the burden of proof for this "difficult to meet" and "highly deferential [AEDPA] standard," which "demands that state-court decisions be given the

benefit of the doubt." <u>Cullen</u>, ___ U.S. at ___, 131 S. Ct. at 1398 (quoting <u>Harrington v. Richter</u>, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011), and <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279 (2002) (per curiam)).[10]

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. <u>Cullen</u>, ___ U.S. at ___, 131 S. Ct. at 1399. A state court's decision is "contrary" to federal law when it "arrives at a conclusion opposite to that reached" by the Supreme Court on a question of law or "decides a case differently than" the Supreme Court has "on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).[11] An "unreasonable application" of federal law occurs when the state court "identifies the correct governing legal principle from" the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 412-13, 120 S. Ct. at 1523. The state court's application of clearly established federal law must be "objectively

---

[10]    The AEDPA standard creates "a substantially higher threshold" for obtaining relief than a <u>de novo</u> review of whether the state court's determination was incorrect. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 410, 120 S. Ct. 1495, 1522, 146 L. Ed. 2d 389 (2000)).

[11]    The "contrary to" standard does not require citation of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." <u>Early v. Packer</u>, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (per curiam); <u>see</u> <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16, 124 S. Ct. 7, 10, 157 L. Ed. 2d 263 (2003) (same); <u>Treesh v. Bagley</u>, 612 F.3d 424, 429 (6th Cir. 2010) (same).

unreasonable." Id. at 409, 120 S. Ct. at 1521. The writ may not issue merely because the habeas court, in its independent judgment, determines that the state court decision applied clearly established federal law erroneously or incorrectly. Renico v. Lett, ___ U.S. ___, ___, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010) (citing Williams, 529 U.S. at 411, 129 S. Ct. at 1522).

There is little case law addressing the standard in § 2254(d)(2) that a decision was based on "an unreasonable determination of facts." However, in Wood v. Allen, ___ U.S. ___, ___, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010), the Supreme Court stated that a state-court factual determination is not "unreasonable" merely because the federal habeas court would have reached a different conclusion. In Rice v. Collins, 546 U.S. 333, 341-42, 126 S. Ct. 969, 976, 163 L. Ed. 2d 824 (2006), the Court explained that "[r]easonable minds reviewing the record might disagree" about the factual finding in question, "but on habeas review that does not suffice to supersede the trial court's . . . determination."[12]

"Notwithstanding the presumption of correctness, the Supreme Court has explained that the standard of § 2254(d)(2) is

---

[12]      In Wood, 120 S. Ct. at 845, 848, the Supreme Court granted certiorari to resolve whether, to satisfy § 2254(d)(2), a petitioner must establish only that the state-court factual determination on which the decision was based was "unreasonable," or whether § 2254(e)(1) additionally requires a petitioner to rebut a presumption that the determination was correct with clear and convincing evidence. The Court ultimately found it unnecessary to reach that issue. Id. at 849, 851. In Rice, 546 U.S. at 339, 126 S. Ct. at 974, the Court recognized that it is unsettled whether there are some factual disputes where § 2254(e)(1) is inapplicable.

'demanding but not insatiable.' [Miller-El v.] Dretke, 545 U.S. [231, 240, 125 S. Ct. 2317, 2325, 162 L. Ed. 2d 196 (2005)] (quoting Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal quotations omitted)). Accordingly, '[e]ven in the context of federal habeas, deference does not imply abandonment or abdication of judicial review.' Cockrell, 537 U.S. at 324, 123 S. Ct. 1029." Harris v. Haeberlin, 526 F.3d 903, 910 (6th Cir. 2008). A state court adjudication will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. Ayers v. Hudson, 623 F.3d 301, 308 (6th Cir. 2010); see Hudson v. Lafler, 421 F. App'x 619, 624 (6th Cir. 2011) (same), cert. denied, ___ U.S. ___, 132 S. Ct. 1085, 181 L. Ed. 2d 803 (2012).

IV.        ANALYSIS OF PETITIONER'S CLAIMS

        Woods contends that his convictions for aggravated assault resulted from prosecutorial vindictiveness. Petitioner raised this issue on direct appeal, and the Tennessee Court of Criminal Appeals stated as follows:

> Woods claims he was deprived of his right to a fair trial because of the vindictive actions of the prosecutor. He refers to the two counts of criminal attempt to commit second degree murder that were presented to the grand jury but not included in the arrest warrant. Woods contends the decisions to present the two counts of attempted murder were made in retaliation to [sic] his refusal to accept an early plea offer. Woods acknowledges that he did not plead guilty to attempted murder and he does not challenge particular terms of his plea

11

agreement. Nevertheless, Woods argues that he was deprived of his right to a fair trial because he claims he was ultimately forced to plead guilty. He asserts that had the case gone to trial, he would have been convicted of attempted murder or received the maximum sentence for the aggravated assaults. Therefore, Woods argues that his convictions for aggravated assault should be dismissed. In response, the State claims Woods waived this issue by pleading guilty and failing to provide an adequate record. The State also asserts, without additional argument, that this issue is without merit.

On May 6, 2010, after the State filed its responsive brief, Woods filed a "Motion to the Court to Grant Request for Emergency Review". In this motion, which we interpret to be a reply brief, Woods argues that no transcript or statement of evidence is necessary for resolution of the issues presented in this appeal. Citing Rule 24(d) of the Tennessee Rules of Criminal Procedure, Woods contends that "any transcript deemed necessary by the appellee must be prepared and filed by the appellee." Finally, Woods asserts "[t]he only facts necessary to review the merits of this appeal are; the original charges filed against the defendant, the increased charges the defendant was indicted for, and did the prosecutor impermissibly increase the charges in response to the defendant's exercise of a legal right."

For the reasons that follow, we conclude that Woods has waived his right to appeal his claims of prosecutorial vindictiveness and double jeopardy.

In State v. Wilson, 31 S.W.3d 189 (Tenn. 2000), the Tennessee Supreme Court held that "the right to appeal a plea of guilty entered in the trial court is severely limited to those cases which fit within one of the narrow exceptions enumerated in Tenn. R. Crim. P. 37(b) or Tenn. R. App. P. 3(b)." Id. at 192 (citing Patterson v. State, 684 S.W.2d 110, 111-12 (Tenn. Crim. App. 1984)). Rule 37(b) of the Tennessee Rules of Criminal Procedure states:

> **(b) When an Appeal Lies.** An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> (1) upon a plea of not guilty; or

(2) upon a plea of guilty or nolo contendere, if:

(i) the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

(B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; or

(ii) the defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or

(iii) the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

(iv) the defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case, and the requirements of subsection (i) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tennessee Rule of Appellate Procedure 3(b) (2006) states:

**(b) Availability of Appeal as of Right by Defendant in Criminal Actions**. In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had....

Woods's guilty pleas do not fit within any of the exceptions to the aforementioned rules. The only conceivable exception is Tennessee Rule of Criminal Procedure 37(b)(2)(iii), which states "the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had[.]" Tenn. R. Crim. P. 37(b)(2)(iii); <u>see also</u> Tenn. R. App. P. 3(b)(2). The Advisory Commission Comment to this rule states that the exception found in Rule 37(b)(2)(iii) applies "in cases where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute, wherein it would be judicially inefficient to require a post-conviction collateral attack when the <u>error is apparent upon the face of the existing record</u>." Tenn. R. Crim. P. 37(b)(2)(iii), Advisory Comm'n Comment (emphasis added).

Here, the alleged error is not apparent from the face of the record. The record is essentially limited to the arrest warrant, the indictment, the order approving the plea agreement, and the judgment forms. It is not evident from these documents that the prosecutor retaliated against Woods for exercising a constitutional right or discriminated against Woods based upon impermissible grounds. See <u>Richard Gary Horton v. State</u>,

14

No. 03C01-9604-CR-00161, 1997 WL 269470, at *2 (Tenn. Crim. App., at Knoxville, May 22, 1997) (citing State v. Brackett, 869 S.W.2d 936, 940 (Tenn. Crim. App. 1993) ("Only when a prosecutor acts to retaliate against a defendant's exercise of constitutional rights or to discriminate against a defendant upon impermissible grounds, such as race or religion, will a claim of prosecutorial vindictiveness be entertained."). In deciding what charges to present to the grand jury, the prosecutor was not constrained by those listed in the arrest warrant. Rather, the prosecutor was authorized to charge those offenses that were supported by probable cause. Id. (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L. Ed. 2d 604 (1978)) ("As long as probable cause exists to believe that an offense has been committed, it is generally within the prosecutor's discretion as to what charge to bring before a grand jury."). Finally, Woods's brief includes several attachments that purportedly support his claim. These documents include an exchange of letters between Woods and his various attorneys. The letters collectively show that Woods received a 5-year offer to plead to aggravated assault before his case was bound over to the grand jury. Following indictment for attempted murder, the letters reflect that Woods received and rejected a 6-year offer to plead to aggravated assault. One of Woods attorneys further advised Woods that "While the difference between CA: Murder 2nd [sic] and Aggravated Assault is somewhat complicated, there is a very, very fine line between the two crimes." Here, we acknowledge that documents appended to briefs are not part of the record and are not to be considered by this court. See Tenn. R. App. P. 24; UT Med. Group, Inc. v. Vogt, 235 S.W.3d 110, 122 (Tenn. 2007) (citing Sherrod v. Wix, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)); Jerry D. Carney v. State, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 n. 2 (Tenn. Crim. App., at Nashville, Oct. 17, 2007).[13] Nevertheless, even if we considered these documents, no claim of prosecutorial misconduct is apparent from the record and the exception set forth in Rule 37(b)(2)(iii)

---

[13]    The Court of Criminal Appeals noted, in a footnote, that, "[o]n September 13, 2010, well after the briefs were filed in this matter, the petitioner filed a 'Motion to Direct That A Supplemental Record Be Certified And Transmitted' requesting this court to supplement the record with the affidavit of complaint, the arrest report, the blood alcohol report, and 'the Statement of the Evidence.' Because none of these items would assist this court in resolving the issues presented, this motion was denied in a separate order." State v. Woods, 2010 WL 4117165, at * 3 n.3.

is not applicable. Therefore, this issue is not properly before this court.

State v. Woods, 2010 WL 4117165, at *1-*3 (additional footnote omitted).

In his Renewed Motion to Dismiss, Respondent "seeks dismissal of the claim because [it] has been procedurally defaulted due to the petitioner's waiver of the issue on appeal and his failure to afford the State Courts the opportunity to address the merits of the claim." (ECF No. 19 at 1-2.) Specifically, Respondent contends that "[t]he State successfully argued on direct appeal that the defendant abandoned his claim of prosecutorial misconduct when he entered into a guilty plea. To the extent he argues that any constitutional error rendered his plea involuntary, that claim has yet to be presented to the state courts under its regularly applied statutory post-conviction procedure." (Id. at 5.)

Respondent's presentation of this issue is far from clear and appears to conflate the concept of "waiver" under various Tennessee laws, exhaustion and procedural default under federal habeas law, and the independent and adequate state ground doctrine. As will be discussed infra, Woods attempted to raise his prosecutorial vindictiveness claim on direct appeal, but the Tennessee Court of Criminal Appeals held that the claim is not reviewable on direct appeal because the constitutional violation is not apparent on the face of the record. The opinion of the Tennessee Court of Criminal Appeals did not address whether the

16

claim could properly be raised in a post-conviction petition, and the time for filing such a petition has passed. Respondent is, therefore, correct that the claim has been procedurally defaulted.[14]

On direct appeal, Woods claimed that the "Prosecutor Violated Due Process Clause of the Fourteenth Amendment of the United States Constitution by Increasing the Severity of the Charges Indicted After Appellant Refused Plea and Exercised His Right to a Trial by Jury."[15] In response, the State argued that Woods waived the argument by pleading guilty or, in the alternative, by failing to submit the transcript of the guilty plea hearing.[16] The Tennessee Court of Criminal Appeals held that Woods was not entitled to raise his claim of vindictive prosecution on direct appeal because the alleged constitutional violation was not apparent on the face of the record. State v. Woods, 2010 WL 4117165, at *2-3. In so holding, the Court of Criminal Appeals relied on Rule 37(b) of the Tennessee Rules of Civil Procedure.

---

[14]    In his Renewed Motion to Dismiss, Respondent further stated that, "[t]o the extent [Petitioner] argues that any constitutional error rendered his plea involuntary, that claim has yet to be presented to the state courts under its regularly applied post-conviction procedure." (ECF No. 19 at 5.) As will be addressed _infra_, it would appear that the prosecutorial vindictiveness claim presented by Petitioner on direct appeal and in the instant § 2254 petition cannot properly be brought in a state post-conviction petition. Respondent presumably means that Petitioner could have raised a claim that, for example, his attorney misled him by representing that a guilty plea would not forever waive the prosecutorial vindictiveness issue.

[15]    (Appellant's Br., State v. Woods, No. W2009-02580-CCA-R3-CD (Tenn. Crim. App.), ECF No. 19-2 at 3; see also id. at 16-28.)

[16]    (Br. of the State of Tenn., State v. Woods, No. W2009-02580-CCA-R3-CD (Tenn. Crim. App.), ECF No. 19-3.)

Id.[17] Thus, Woods attempted to exhaust this issue on direct appeal, but a state procedural rule prevented the Tennessee Court of Criminal Appeals from reaching the merits of the claim.

If a state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by procedural default from seeking federal habeas review. See supra p. 7. The Sixth Circuit applies a four-part test to determine whether a habeas claim has been procedurally defaulted due to a petitioner's failure to comply with a state procedural rule:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . .
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under Sykes that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

---

[17]    The Court of Criminal Appeals did not hold, as the State had urged, that Woods had waived the issue by failing to provide an adequate record on appeal.

<u>Maupin v. Smith</u>, 785 F.2d 135, 138 (6th Cir. 1985) (citations and footnote omitted); <u>see also</u> <u>Middlebrooks v. Bell</u>, 619 F.3d 526, 534-35 (6th Cir. 2010), <u>petition for cert. filed</u> (U.S. June 29, 2011) (Nos. 10A1033, 11-5067); <u>Clinkscale v. Carter</u>, 375 F.3d 430, 440-41 (6th Cir. 2004).

In this case, Tennessee Rule of Criminal Procedure 37(b) is a state procedural rule that applies to the instant case, and the Tennessee Court of Criminal Appeals held that Woods did not comply with that rule. <u>Woods v. State</u>, 2010 WL 4117165, at *2-3. In his Reply, Woods argues that his vindictive prosecution claim is not waived because it falls under "Rule 37(b)(iii)" (ECF No. 21 at 4), which presumably is intended to refer to Rule 37(b)(2)(iii). The Court of Criminal Appeals explained at length why Rule 37(b)(2)(iii) is inapplicable to this case, <u>State v. Woods</u>, 2010 WL 4117165, at *3. As the Court of Criminal Appeals explained, "the alleged error is not apparent from the face of the record," as required by Tenn. R. Crim. P. 37(b)(2)(iii), <u>State v. Woods</u>, 2010 WL 4117165, at *3. Therefore, the first <u>Maupin</u> factor has been satisfied.[18] The second <u>Maupin</u> factor is also satisfied, because the

---

[18]    Woods' arguments to the contrary go to the merits of his claim rather than to the issue of procedural default. (<u>See</u> ECF No. 21 at 5-8.) It is, therefore, unnecessary to address whether the instant case is governed by <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978).

Court of Criminal Appeals declined to reach the merits of Woods'
vindictive prosecution claim, holding that it had been waived.[19]

The third requirement, that the state procedural rule
must be an "adequate and independent" state ground, focuses on "the
legitimate state interests behind the procedural rule in light of
the federal interest in considering federal claims." Maupin, 785
F.2d at 138; see also Henry v. Miss., 379 U.S. 443, 447-48, 85 S.
Ct. 564, 567, 13 L. Ed. 2d 408 (1965) ("[A] litigant's procedural
default in state proceedings do not prevent vindication of his
federal rights unless the State's insistence on compliance with its
procedural rule serves a legitimate state interest. In every case
we must inquire whether the enforcement of a procedural forfeiture
serves such a state interest. If it does not, the state procedural
rule ought not be permitted to bar vindication of important federal
rights."). The adequacy of a state procedural rule "is itself a
federal question." Lee v. Kemna, 534 U.S. 362, 375, 122 S. Ct. 877,
885, 151 L. Ed. 2d 820 (2002). "Ordinarily, violation of 'firmly
established and regularly followed' state rules . . . will be

---

[19]      Both Petitioner and Respondent state, incorrectly, that the Tennessee
Court of Criminal Appeals found the claim to be meritless. (See ECF No. 19 at 5
("Notwithstanding the waiver, the appellate court found that the record as
presented showed no prosecutorial misconduct."); ECF No. 21 at 4 ("The Tennessee
Court of Criminal Appeals ruled that the issues before this court were waived by
the guilty plea, yet, expounded in dictum that the issues raised on direct appeal
were merit less [sic].") The Tennessee Court of Criminal Appeals stated that
"even if we considered these documents [that were not presented to the trial
court], no claim of prosecutorial misconduct is apparent from the record and the
exception set forth in Rule 37(b)(2)(iii) is not applicable." State v. Woods,
2010 WL 4117165, at *3. The facts supporting a claim must be apparent from the
face of the record under Rule 37(b)(2)(iii). This statement does not appear to
be a comment on whether there was, in fact, prosecutorial vindictiveness at issue
in Woods' case.

adequate to foreclose review of a federal claim." Id. at 376, 122 S. Ct. at 885. The Supreme Court has held a procedural ground to be inadequate in "exceptional cases," such as where the application of a "generally sound rule" has been deemed "exorbitant." Id. at 376, 122 S. Ct. at 885-86; see also Walker v. Martin, ___ U.S. ___, ___, 131 S. Ct. 1120, 1130, 179 L. Ed. 2d 62 (2011) (a state procedural rule may be inadequate when a state court "exercised its discretion in a surprising or unfair manner").

A review of Tennessee cases demonstrates that the Tennessee procedural rule relied on by the Court of Criminal Appeals in Woods' case is firmly established. In State v. Turner, 919 S.W.2d 346 (Tenn. Crim. App. 1995), appeal denied (Tenn. 1996), the Tennessee Court of Criminal Appeals held that a defendant who pled guilty could not raise his claim of prosecutorial vindictiveness under Rule 37(b)(2)(iii):[20]

> The appellant contends that the trial court "incorrectly applied the law in determining that the State rebutted the presumption of unconstitutional prosecutorial vindictiveness." The state argues that this issue was waived when the appellant entered his pleas of guilty. The state further argues that this issue cannot be raised in an appeal as of right. In his reply brief, the appellant asserts that he is entitled to appellate review of this issue pursuant to Rule 3(b), Tennessee Rules of Appellate Procedure, and Rule 37(b)(2)(iii), Tennessee Rules of Criminal Procedure.

---

[20]   Turner had a complex procedural history, including a trial, a direct appeal, and a federal habeas petition that was reviewed on two occasions by the Sixth Circuit Court of Appeals. As directed by the federal district court, the state trial court held an evidentiary hearing on the issue of vindictiveness. The defendant subsequently pled guilty and took a second direct appeal of the sentence imposed. Id. at 348-50.

. . . .

Prior to the enactment of the Tennessee Rules of Appellate Procedure and the Tennessee Rules of Criminal Procedure, an accused, as a general rule, could not appeal following the entry of a guilty plea. In <u>McInturff v. State</u>[, 207 Tenn. 102, 106, 338 S.W.2d 561, 563 (1960)], our Supreme Court said:

> [I]t is axiomatic that the defendant, having confessed judgment for the fine and costs, had no right to appeal ... because no one can appeal either in a criminal or a civil case from a verdict on a plea of guilty or a judgment based upon confession of liability. Therefore, the attempted appeal was a complete nullity and could by no means have any effect upon the status of the defendant who had secured his release as a matter of right by taking advantage of the absolute right provided him....

There were few exceptions to this common law rule. As time progressed, it was recognized that a limited right to appeal following the entry of a plea of guilty or nolo contendere could prevent the necessity of a trial while simultaneously protecting an accused's right to appellate review of dispositive issues and issues that were not waived by the entry of such a plea. When the Tennessee Rules of Criminal Procedure were enacted in 1978 and the Tennessee Rules of Appellate Procedure were enacted in 1979, provisions were made for appeals of right following the entry of a plea of guilty or nolo contendere.

. . . .

The appellant did not attempt to comply with the mandatory requirements of Rule 37(b)(2)(i) or (iv), Tenn. R. Crim. App. Therefore, the question that this Court must resolve is whether the appellant may litigate this issue pursuant to 3(b), Tenn. R. App. P., or Rule 37(b)(2)(iii), Tenn. R. Crim. P.

Before an accused can litigate an issue on appeal under the guise of Rule 3(b), Tenn. R. App. P., or Rule 37(b)(2)(iii), Tenn. R. Crim. P., the accused must establish that (a) the plea of guilty or nolo contendere entered by the accused did not result in a waiver of the

issue and (b) the facts supporting the issue are apparent on the face of the record memorializing the proceedings in the trial court. The Committee Comment accompanying Tenn. R. Crim. P. 37(b)(2)(iii) states that this remedy "will apply in cases where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute...." The object of this remedy is to promote judicial economy by correcting fundamental constitutional defects in the proceedings rather than have the parties litigate the issue in a suit for post-conviction relief.

This Court concludes that the appellant may not litigate this issue pursuant to Rule 3(b), Tenn. R. App. P., or Rule 37(b)(2)(iii), Tenn. R. Crim. P. First, the issue of prosecutorial vindictiveness, whether it is framed in the manner advanced by the appellant or the state, was waived when the appellant entered the pleas of guilty to the offenses in question. In <u>State v. Wilkes</u>, [684 S.W.2d 663, 667 (Tenn. Crim. App. 1984),] this Court said:

> In its brief, the defendant insists that this appeal is pursuant to T. R. Cr. P. Rule 37(b)(2)(iii) and not 37(b)(2)(i). This argument overlooks the fact that a valid guilty plea is an admission of all facts alleged and is a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding.... Rule 37(b)(2)(iii) does not permit an appeal of matters waived as a matter of law by the guilty plea. We think that the committee comments to the rule are correct.

Second, this rule was not designed to remedy the type of error that has been raised by the appellant. The trial court heard evidence, determined the credibility of the witnesses testifying at the hearing, and applied legal principles in reaching its decision. This is a far cry from the clear denial of a basic constitutional right such as the right to counsel or a conviction pursuant to a statute that is obviously unconstitutional. Therefore, this issue will not be considered by this Court.

23

<u>Id.</u> at 359-61 (footnotes omitted). <u>Turner</u> is virtually identical to the instant case.[21]

---

[21]     The Tennessee Court of Criminal Appeals did not cite <u>Turner</u> in its opinion on Woods' direct appeal. One basis for the holding in <u>Turner</u> was that the issue of prosecutorial vindictiveness was "waived as a matter of law" by the guilty plea, which would preclude review under Rule 37(b)(2)(iii). That holding is consistent with a line of Supreme Court decisions holding that a guilty plea waives any claim that a defendant's constitutional rights were violated prior to entry of the plea. <u>See, e.g.</u>, <u>Tollett v. Henderson</u>, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 1607-08, 36 L. Ed. 2d 235 (1971); <u>McCann v. Richardson</u>, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970). As the Supreme Court explained, these cases rest on the same general principal:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McCann</u>.

<u>Tollett</u>, 411 U.S. at 267, 93 S. Ct. at 1608. Nonetheless, the decision of the Tennessee Court of Criminal Appeals in the instant case turned on whether the claim was apparent from the record and did not address whether it had been waived as a matter of law. <u>State v. Woods</u>, 2010 WL 4117165, at *3.

     Petitioner cites <u>Blackledge v. Perry</u>, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974), for the proposition that prosecutorial vindictiveness claims are not waived by guilty pleas. (ECF No. 21 at 4, 8.) In <u>Perry</u>, an inmate had been convicted of misdemeanor assault and exercised his right to a trial <u>de novo</u> in the state superior court. In response, the prosecutor brought felony assault charges. The prisoner pled guilty to the felony charge and then brought a habeas petition asserting a claim of prosecutorial vindictiveness. The Supreme Court held that the inmate's guilty plea did not bar him from pursuing his constitutional claims where the state was precluded by the due process clause from prosecuting the inmate for the more serious charge. The Supreme Court distinguished <u>Tollett</u> and <u>McCann</u> as follows:

> Although the underlying claims presented in Tollett and the Brady trilogy were of constitutional dimension, none went to the very power of the State to bring the defendant into court to answer the charge brought against him. . . . Having chosen originally to proceed on the misdemeanor charge in the District Court, the State of North Carolina was, under the facts of this case, simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge in the Superior Court. Unlike the defendant in Tollett, Perry is not complaining of 'antecedent constitutional violations' or of a 'deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' Rather, the right that he asserts and that we today accept is the right not to be haled into court at all upon the felony charge. The

(continued...)

The limitation on Tennessee Rule of Criminal Procedure 37(b)(2)(iii) to claims in which the error is apparent on the face of the record has also been generally applied by the Tennessee Courts both before and after the decision in Turner.[22] The decision of the Tennessee Court of Criminal Appeals in this case involved a routine application of the pertinent procedural rules that was not surprising, unfair, or exorbitant.

As to the fourth factor, Woods has not shown cause for his procedural default or prejudice. He contends, instead, that the issue of prosecutorial vindictiveness was presented to the Tennessee appellate courts in his direct appeal (ECF No. 24 at 2), that exhaustion should be waived because it was rational for him to accept the plea agreement, with its shorter sentence (id. at 3),

---

[21]      (...continued)
very initiation of the proceedings against him in the Superior Court thus operated to deny him due process of law.

Id. at 30-31, 94 S. Ct. at 2103-04 (citations omitted). Subsequently, the Supreme Court limited its holding in Blackledge to cases in which the prosecutorial vindictiveness is apparent on the face of the record. United States v. Broce, 488 U.S. 563, 575-76, 109 S. Ct. 757, 757-76, 102 L. Ed. 2d 927 (1989). Woods has supplemented the record in this proceeding and before the Tennessee Court of Criminal Appeals because the alleged vindictiveness is not apparent from the face of the record.

[22]      See, e.g., State v. Wilson, 31 S.W.3d 189, 192-93 (Tenn. 2000) (claim that guilty plea was not intelligent and voluntary not reviewable on direct appeal because it cannot be resolved on the face of the record); State v. Turner, No. 02C01-9804-CC-00116, 1998 WL 775649, at *3 (Tenn. Crim. App. Nov. 6, 1998) (denial of motion to suppress and an evidentiary ruling not properly reviewable under Rule 37(b)(2)(iii)), appeal denied (Tenn. June 14, 1999); State v. Flectcher, No. 86-270-III, 1987 WL 12843, at *4 (Tenn. Crim. App. Mar. 17, 1987), appeal denied (Tenn. Aug. 3, 1987); State v. Jennette, 706 S.W.2d 614, 617 (Tenn. 1986) (Rule 37 "was never designed to authorize a general review of numerous factual and legal issues without express articulation and without these being completely controlling"); Patterson v. State, 684 S.W.2d 110, 111-12 (Tenn. Crim. App. 1984) (appeal after guilty plea under Rule 37 not allowed if defendant does not comply with the formal steps required).

and that the Tennessee Court of Criminal Appeals stated that it found the issue to be meritless (id. at 4). Ordinarily, "exhaustion means proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006); see also id. at 92, 126 S. Ct. At 2387 ("In practical terms, the law of habeas, like administrative law, requires proper exhaustion...."); Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989) (a claim has not been fairly presented to the state courts where it "has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered"). The Tennessee Court of Criminal Appeals has held that Woods' claim could not be considered on a direct appeal and, therefore, it was not properly exhausted.

Woods urges that the Court has discretion to waive the exhaustion requirement (ECF No. 21 at 2), but he has not cited any provision of 28 U.S.C. § 2254(b) that might apply in this situation. Exhaustion is excused only if "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant," id. § 2254(b)(1)(B)(ii). Woods' complaints of "excessive delay and lengthy incarceration" (ECF No. 21 at 5) suggest he is relying on § 2254(b)(1)(B)(ii). That provision applies where a prisoner files a direct appeal or a post-conviction petition and the state court unreasonably delays

issuing a decision. <u>See, e.g.</u>, <u>Workman v. Tate</u>, 957 F.2d 1339, 1344 (6th Cir. 1992). The provision "is applied only sparingly, and in extraordinary circumstances. It does not apply in cases of ordinary delays in the state appellate process." <u>Roberts v. Gansheimer</u>, No. 1:08 CV 1473, 2011 WL 3652430, at *4 (N.D. Ohio Aug. 19, 2011); <u>cf.</u> <u>Tinsley v. O'Dea</u>, No. 97-5419, 1998 WL 124045, at *2-3 (6th Cir. Mar. 12, 1998) (affirming dismissal of petition without prejudice despite 6-year delay because state trial court decision had issued). Moreover, "to excuse the petitioner from first fully exhausting his claims in the state courts, any inordinate delay must be wholly attributable to the state rather than to the individual." <u>Fuller v. Tenn.</u>, No. 3:09-0394, 2009 WL 2850695, at *4 (M.D. Tenn. Aug. 29, 2009). Sections 2254(b)(1)(B)(i)-(ii) also have been applied where an issue was properly presented by a prisoner who has followed the relevant procedural rules and the state courts ignored it. <u>Sanders v. Lafler</u>, 618 F. Supp. 2d 724, 732 (E.D. Mich. 2009). Neither of these circumstances is present in the instant case, as Woods' vindictive prosecution claim cannot be raised on direct appeal after a guilty plea and Woods did not file a post-conviction petition.[23]

---

[23] For the reasons previously stated, <u>see</u> <u>supra</u> pp. 24-25 n.21, the Supreme Court's decision in <u>Blackledge v. Perry</u> does not excuse Woods' failure properly to exhaust his claim in state court.

Therefore, the Court GRANTS Respondent's renewed motion to dismiss the petition.[24] The petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

## IV.   APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Section 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

---

[24]    In his response to the motion to dismiss, Petitioner complains that Respondent failed to address the Double Jeopardy Clause argument that had been presented to the Tennessee Court of Criminal Appeals on direct appeal. (ECF No. 21 at 8.) Contrary to Petitioner's suggestion, the initial Petition did not assert a double jeopardy claim. (See ECF No. 1 at 5–8.) Earlier in his response to the renewed motion to dismiss, Petitioner stated that "[t]he sole assertion of the petitioner is, and has been throughout, that the State of Tennessee was prohibited by the Due Process Clause from the initiation of the prosecution for the increased charges of attempted Murder as a vindictive response to the exercise of a constitutional right." (ECF No. 21 at 1.)

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.44, 103 S. Ct. 3383, 3394 n.4, 77 L. Ed. 2d 1090 (1983)); Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773 (quoting Slack, 537 U.S. at 337, 123 S. Ct. at 1039).

In this case, there can be no question that the claim presented in the petition is barred by procedural default. Because any appeal by Petitioner on the issue raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court

denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[25]

IT IS SO ORDERED this 24th day of March, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[25] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).